UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. HICOCK, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV02407 ERW |
| ) | |
| CASINO ONE CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff William A. Hicock II's ("Plaintiff") "Motion to Remand with Incorporated Memorandum of Law in Support and Order to Remand" [ECF No. 13].

**I.    BACKGROUND**

On October 27, 2013, Plaintiff, a citizen of the State of Missouri residing in St. Louis County, Missouri, filed in the Twenty-Second Judicial Circuit, St. Louis City, Missouri, a "Petition for Violation of RSMo § 290.140" against Defendant Casino One Corporation ("Casino One"), a Mississippi corporation with its principle place of business in Nevada [ECF Nos. 1, 1-3, 1-4, 1-5, 1-6, 5, 6]. Missouri Revised Statutes § 290.140 is known as Missouri's "Service Letter" statute, and requires certain corporate employers, upon written request by certified mail, to supply letters setting forth the nature and character of service rendered by employees whose employment lasted at least ninety days, and stating for what cause, if any, such employees were discharged or voluntarily quit.

On November 27, 2013, Casino One filed a Notice of Removal, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 [ECF No. 1]. Casino One asserted the action was

properly removed to this Court, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Casino One additionally stated: "Plaintiff's Petition does not limit the amount in controversy to $75,000 or less.  In fact, prior to the filing of this Notice of Removal, Plaintiff has made an initial demand to Casino One of $85,000.00 to settle the matter in controversy" [ECF No. 1 at 2].  As an exhibit to its Notice, Casino One submitted a letter, directed to Plaintiff's counsel and dated October 31, 2013, in which counsel for Casino One indicated he was writing to confirm their conversation discussing Plaintiff's filing of the action [ECF No. 1-6].  In this letter, Casino One's counsel further stated: "Specifically, I will refer your demand of $85,000.00 to settle this matter to my client and attempt to resolve the matter without further litigation."  Plaintiff filed his Motion to Remand on December 26, 2013, challenging the amount in controversy [ECF No. 13].  Casino One filed "Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand" on January 2, 2014 [ECF No. 14].

## II.     STANDARD FOR FEDERAL COURT JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity.  *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).  However, "'[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Cir. 2008) (alteration in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332

must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff is seeking to remand this action to state court, asserting that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 [ECF No. 13]. Jurisdiction under § 1332 requires a minimum amount in controversy, in excess of $75,000, exclusive of interest and costs, and complete diversity of citizenship among the parties. Plaintiff claims Defendant does not have the right to remove this case to federal district court, because the amount in controversy does not exceed $75,000. Plaintiff contends his petition's allegations concerning nominal and punitive damages are facially ambiguous, as the pleading he filed in state court states: "Plaintiff respectfully requests the court to award him nominal and punitive damage in an amount that will punish the Casino and deter similar conduct in the future." He argues the ambiguity should be

3

resolved against removal, and Missouri case law demonstrates Casino One's amount in controversy assertions are far too speculative and unlikely.

Plaintiff concedes he made the demand for $85,000, but claims he did so after Casino One's counsel suggested the amount, asking Plaintiff to demand $85,000, so that Casino One's counsel could initiate settlement negotiations. Plaintiff further claims he explicitly stated he did not intend to settle the case for such a high amount, and he previously informed Casino One that Missouri service letter plaintiffs receive awards between $10,000 and $30,000. In his Motion to Remand, Plaintiff states: "Additionally, Plaintiff expressly agrees to limit the amount of punitive damages requested to $75,000.00 and requests leave to amend the petition to reflect this limitation" [ECF No. 13 at 3].

In its Memorandum in Opposition to Plaintiff's Motion to Remand, Casino One claims Plaintiff left his prayer for damages open-ended in his service letter claim, and did not limit the amount in controversy to $75,000 or less [ECF No. 14]. Casino One contends case law shows punitive damages in such actions can exceed the jurisdictional requirement, and the casino notes Plaintiff's pleading asserts serious wrongdoing, and failure to respond to service letter requests on two occasions by Casino One.

Casino One argues that, although Plaintiff asserts he was not really seeking to resolve the matter for $85,000, Plaintiff did not respond to, or contest the substance of Casino One's October 31 correspondence, and did not subsequently issue a smaller settlement demand. Casino One further argues the willingness to limit the amount of punitive damages to $75,000, indicated by Plaintiff in his Motion to Remand, cannot destroy the Court's jurisdiction, because the amount in controversy is to be determined as of the time the action is commenced in federal court, not by subsequent events. Casino One also contends Plaintiff has not moved to amend his pleading, and

4

argues the proposed amendment would not bring the amount below $75,000, as Plaintiff would be seeking $75,000 in punitive damages, plus nominal and subsequent actual damages.

Where, as here, a complaint alleges no specific amount of damages, the party removing an action on the basis of 28 U.S.C. § 1332 must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002); *Blake v. Career Educ. Corp*., 2008 WL 4151795 at *2 (E.D. Mo. Sept. 4, 2008). This burden requires the removing party to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Blake*, 2008 WL 4151795 at *2 (citation omitted). The relevant question in the determination is whether a fact-finder could legally conclude that the damages exceed $75,000. *Id.* When calculating the amount in controversy, courts are to include punitive damages. *Id.* Because the Court is afforded great discretion in decisions involving claims for punitive damages, it is required to closely scrutinize such claims. *Id.*

In the context of a motion to remand, existence of the required jurisdictional amount must be supported by competent proof, and may include evidence of punitive damage awards in similar cases. *Id.* Furthermore, the party opposing remand may provide evidence of, among other things, the plaintiff's conduct and representations, or an extensive list of serious injuries suffered by the plaintiff. *Id.* at *3. As this Court remarked in the *Blake* decision, the nature of a motion to remand, and a party's opposition to such a motion, place the parties in unique positions, where the plaintiff must argue his damages are lower than he would otherwise want to claim, and the defendant must argue the plaintiff is likely to recover much more than he asserts. *Id*.

Pursuant to § 290.140, an employer's failure to provide a properly requested service letter entitles the employee to a judgment for nominal damages without proof of any actual damages.

*Callantine v. Staff Builders, Inc.*, 271 F.3d 1124, 1132 (8th Cir. 2001). Additionally, the statute provides for punitive damages, if the employer fails to issue the letter, and the plaintiff proves the presence of malice. *Id.*

Defendant has cited several Missouri service letter cases in which an award of punitive damages in excess of $75,000 has been affirmed. *See Folz v. Marriott*, 594 F.Supp. 1007 (W.D. Mo. 1984) (punitive damage award on service letter claim for $250,000); *Alderson v. Clark Oil & Refining Corp.*, 637 S.W.2d 84 (Mo. Ct. App. 1982) (reinstating punitive damage award of $100,000 in suit under service letter statute); *Holcroft v. Mo,-Kan.-Tex. R.R. Co.*, 607 S.W.2d 158 (Mo. Ct. App. 1980) (affirming jury award of $75,000 in punitive damages for failure to comply with service letter statute). However, as contended by Plaintiff: "Jury verdict amounts in service letter judgment cases in Missouri range from $9,999 to $100,000, with the mode amounts ranging from $10,000 to $30,000, all with nominal damage awards of $1.00." *Callantine*, 271 F.3d at 1134.

In his petition, Plaintiff alleges Casino One terminated him for allegedly violating the casino's anti-discrimination policy. He claims he successfully appealed a disqualification for unemployment benefits resulting from Casino One's statement that he violated a racial discrimination policy. Plaintiff further alleges Casino One failed to respond to two service letter requests, one made shortly after he filed his unemployment benefits appeal, and one made after an unemployment appeals decision found he was not fired for misconduct connected with his work. Plaintiff's petition contends Casino One failed to respond "because it is upset that Plaintiff filed a petition for internal review of his termination and because he filed and won an unemployment appeal" [ECF No. 1-3 at 6]. These allegations of misconduct, considered in conjunction with Plaintiff's settlement demand and relevant case law, lead the Court to conclude

6

sufficient competent proof of potential punitive damages has been presented.  Of course, the Court cannot predict the amount, if any, of punitive damages that might ultimately be awarded.  However, the Court, exercising its discretion in determining whether the required amount in controversy is met, finds that Casino One has demonstrated, by a preponderance of the evidence, sufficient facts for a fact-finder to conclude the damages exceed $75,000.

Nonetheless, Plaintiff has expressly agreed to limit the amount of punitive damages requested to $75,000 and requests leave to amend the petition to reflect this limitation.  Another Eastern District court previously considered this situation in the context of a motion to remand a Missouri service letter action, and this Court finds its resolution instructive.  *See Dodge v. Jenny Craig Weight Loss Ctrs., Inc.*, 1995 WL 406960 (E.D. Mo. Jan. 10, 1995).  In *Dodge*, the defendant removed the complaint to federal court on the basis of diversity jurisdiction, contending the issue could be resolved by looking at the plaintiff's claims for actual and punitive damages combined, and arguing diversity jurisdiction existed "because it cannot now be determined to a legal certainty that Plaintiff *can not* recover more [than the jurisdictional requirement]."  *Id.* at *1 (emphasis in original).   The plaintiff moved to remand, challenging the jurisdictional sufficiency of the amount in controversy.  *Id.*

In *Dodge*, the Court stated the plaintiff's subsequent allegation of insufficiency in her remand motion failed to deprive the Court of jurisdiction, and the Court recognized the possibility she could claim less than required amount to defeat federal jurisdiction, "while actually seeking, and perhaps obtaining, damages far in excess of the federal requirement."  *Id.*  The Court acknowledged the issue was not easily resolved in removed cases where the complaint, as required by Missouri procedural rules, was unspecific as to the amount of recovery expected, but the Court noted the District Court of the Western District of Missouri had

"resolved the issue by striking a balance between the right of the plaintiff to choose her forum and the right of the defendant to remove." *Id*. at \*\*1-2 (citing to *Workman v. Kawasaki Motors Corp., U.S.A.*, 749 F.Supp. 1010 (W.D. 1990)). In *Workman*, the Western District, presented with a motion to remand and a state court petition that did not state the amount of damages sought, received a stipulation executed by counsel for both parties, in which the plaintiff stipulated to a cap on the damages at an amount below the jurisdictional amount. *Workman*, 749 F.Supp. at 1010. The Western District found the parties' stipulation provided the legal certainty that the claim was really for less than the jurisdictional amount, and it remanded the case for lack of subject matter jurisdiction. *Id*. at 1011.

The *Dodge* court concluded that, absent an identical or substantially similar stipulation as the one approved in *Workman*, it would have to deny the remand motion before it, because it could not find to a legal certainty the amount in controversy did not exceed the jurisdictional requirement. *Dodge*, 1995 WL 406960 at \*2. The Court did deny the plaintiff's remand motion, but granted the parties time to submit a joint stipulation, stating it would reconsider the motion to remand upon receipt of an appropriate submission. *Id.* In accordance with *Dodge* and *Workman*, this Court will deny Plaintiff's Motion to Remand, but will permit the parties to submit an appropriate stipulation capping the damages at an amount below the jurisdictional amount.

## IV. CONCLUSION

Casino One has proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Plaintiff does not dispute that complete diversity of citizenship exists in this matter. Consequently, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 and removal to federal court was proper. The Court will deny Plaintiff's Motion to Remand. However, the Court is permitted to consider both the relevant punitive damages awards

in other service letter cases, the parties' conduct and representations, and the plaintiff's willingness to stipulate that he will not demand more than the jurisdictional amount. Consequently, the Court will grant the parties time to submit a joint stipulation substantially similar in all respects to the stipulation approved in *Workman* and *Dodge*.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand with Incorporated Memorandum of Law in Support and Order to Remand" [ECF No. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are granted twenty (20) days from the date of this order to submit to this Court a joint stipulation that is substantially similar in all respects to the stipulation approved in *Workman*, 749 F.Supp. at 1010. If the parties submit such a stipulation, this Court will reconsider the Motion to Remand. If such a stipulation is not timely submitted, this case will proceed.

Dated this   27th   day of January, 2014.

                                                  E. RICHARD WEBBER
                                                  SENIOR UNITED STATES DISTRICT JUDGE