UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM A. HICOCK II, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:13CV02407 ERW |
| CASINO ONE CORPORATION | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Defendant's Motion for Summary Judgment" [ECF No. 22].

**I.    BACKGROUND**

On October 27, 2013, Plaintiff William A. Hicock II ("Plaintiff") filed a Petition against Defendant Casino One Corporation ("Casino One") in the Twenty-Second Judicial Circuit Court of the City of St. Louis, Missouri, alleging Casino One violated Missouri's Service Letter Statute, Missouri Revised Statutes § 290.140 ("the Service Letter Statute") [ECF Nos. 1-3, 6]. Thereafter, Casino One timely filed a Notice of Removal, removing the matter to this Court on the basis of federal diversity jurisdiction, pursuant to 28 U.S.C. § 1331, 1441 and 1446 [ECF Nos. 1 through 1-6]. Casino One filed its Answer to Plaintiff's Complaint on December 3, 2013 [ECF No. 9].

Plaintiff filed a Motion to Remand, which the Court denied on January 27, 2014 [ECF Nos. 13, 15]. However, the Court granted the parties twenty (20) days to submit a joint stipulation, substantially similar in all respects to the stipulation approved in *Workman v. Kawasaki Motors Corp., U.S.A.*, 749 F.Supp 1010 (W.D. Mo. 1990), and indicated the Court

would reconsider the remand motion if the parties submitted such a stipulation [ECF Nos. 13, 15].  No stipulation was filed.

Plaintiff subsequently filed an Amended Complaint, to which Casino One filed an Answer and asserted several affirmative defenses, including failure to comply with the requirements of the Service Letter Statute [ECF Nos. 16, 17].  On July 8, 2014, Casino One filed its Motion for Summary Judgment [ECF Nos. 22 through 24-1].  Plaintiff filed his Memorandum in Opposition, and Casino One filed its Reply [ECF Nos. 26, 28].  The matter was referred to Alternative Dispute Resolution on August 4, 2014 [ECF No. 27].

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Federal Rule of Civil Procedure 56(c) provides that "[a] party asserting that a fact cannot be, or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  E.D. Mo. L.R. 7-4.01(E).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment will not lie if a genuine dispute about a material fact is shown; "that is, if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.@ *Id.* In ruling on a motion for summary judgment, the Court may not make credibility determinations, weigh the evidence, or draw inferences from the facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

To satisfy his initial responsibility, the summary judgment movant must inform the court of the basis for his motion and must identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. *Id.* at 1042. Once the moving party has discharged the requisite evidentiary burden, the nonmovant must respond by submitting evidentiary materials that set out Aspecific facts showing that there is a genuine issue for trial.@ *Id.* (citations omitted). If the nonmovant fails to produce such evidence, summary judgment in favor of the moving party is proper. *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

### III. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

The following statement of undisputed or uncontroverted material facts is derived from the Statement of Uncontroverted Material Facts [ECF No. 24], Plaintiff=s Statement of Material Facts Which Plaintiff Contends a Genuine Issue Exists [ECF No. 26], Defendant's Reply Memorandum in Support of Motion for Summary Judgment [ECF No. 28], the parties= pleadings and responses thereto [ECF Nos. 16, 17], and uncontroverted exhibits of record [ECF Nos. 24-1, 26-1, 26-2, 26-3].

Casino One does business in St. Louis City, Missouri, under the fictitious name, "Lumiere Place Casino & Hotels." Plaintiff was employed by Casino One as a table games dealer from December 3, 2007, until May 14, 2013. On May 11, 3013, Plaintiff was suspended due to a violation of Casino One's Zero Tolerance Harassment and Discrimination Policy, and he was terminated on May 14, 2013, due to his violation of Casino One's Zero Tolerance Harassment and Discrimination Policy. Plaintiff thereafter requested an internal review of the

decision to terminate his employment. The internal review application was denied.

On July 23, 2013, Casino One received a letter, dated July 19, 2013, from the law firm of Flesner & Associates, LLC, signed by Ericka Wentzel, Attorney at Law, requesting a service letter pursuant to Missouri Revised Statutes § 290.140. The July 19, 2013 letter is not addressed to "a superintendent, manager or registered agent" of Casino One, or to any specific individual.

Plaintiff and Casino One participated in an unemployment benefits appeal hearing on August 12, 2013, to determine whether Plaintiff was discharged for misconduct associated with work. An Unemployment Appeals decision issued on August 23, 2013,concluding that Plaintiff was not fired for misconduct connected with his work, and that Plaintiff was entitled to unemployment benefits. In its "Findings of Fact," the Decision of Appeals Tribunal stated:

> The final incident giving rise to the claimant's discharge was a question posed by the claimant to two customers of Middle Eastern descent about a backpack. The incident occurred shortly after the Boston Marathon bombing. But the claimant did not directly make a comment about the customers' race, religion, or national origin. There was insufficient evidence that the claimant violated any rule or standard of the employer. The Appeals Tribunal is not persuaded that the claimant intend[ed] to harass the customers, or disregard the employer's interests. The employer has not proven misconduct with competent and substantial evidence.

On September 9, 2013, Casino One received a letter, dated September 6, 2013, again from attorney Ericka Wentzel, and again requesting a service letter on behalf of Plaintiff. This letter was addressed to "Joyce Ridge, Manager, Lumiere Place Casino and Hotels," and was signed by both Wentzel and Plaintiff.

On December 2, 2013, Plaintiff personally sent another service letter request to Casino One. In response to Plaintiff's December 2,2013 request for a service letter, Casino One provided to Plaintiff a service letter, in compliance with Missouri Revised Statutes § 290.140. Specifically, the December 17, 2013 service letter stated the length of time Plaintiff was

employed with Casino One and his duties while employed with Casino One, and indicated Plaintiff was terminated for violating Casino One's Zero Tolerance Harassment and Discrimination Policy: "You were terminated due to a finding that you violated Lumiere Place's Zero Tolerance Harassment and Discrimination Policy. Lumiere Place concluded you made a discriminatory remark on the casino floor regarding two guests of Middle Eastern descent."

**IV. DISCUSSION**

In its Motion for Summary Judgment, Casino One characterizes this matter as a case "entirely about Plaintiff's multiple deficient requests for a service letter directed to Defendant" [ECF No. 23 at 1]. Casino One contends it is entitled to judgment as a matter of law on Plaintiff's claims, because there are no genuine issues of fact that Casino One complied with Missouri Revised Statutes § 290.140 upon receipt of Plaintiff's December 2, 2013 request for a Service Letter. Casino One argues a plain reading of the Service Letter Statute reveals a request made by counsel is ineffective, and Casino One asserts there is no genuine issue of material fact that two prior letters seeking a service letter relating to Plaintiff, dated July 19, 2013, and September 6, 2013, were sent by Plaintiff's attorney. Casino One further states the July 19th letter was noncompliant with the statute's requirements because it "was not addressed to any one person or title, but instead simply began with the introductory phrase, 'To Whom it May Concern'" [ECF No. 23 at 2]. Casino One contends it was under no duty to respond to these two prior letters, as they were not in strict compliance with § 290.140.

As pertinent to Casino One's Motion for Summary Judgment, Missouri Revised Statutes § 290.140.1 provides that when a discharged employee, meeting specified qualifications, timely makes a request to his corporate employer having seven or more employees:

> . . . in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the

> superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

Mo. Rev. Stat. § 290.140.1. In the event the corporate employer fails to issue the requested letter as required, the employer may be liable for both nominal and punitive damages. Mo. Rev. Stat. § 290.140.2.

In his Memorandum in Opposition to Casino One's Motion for Summary Judgment, Plaintiff argues Casino One is not entitled to judgment as a matter of law, because Plaintiff's September 6, 2013 letter complied with Section 290.140, and Casino One had a duty to respond to his request for a Service Letter, but failed to do so in a timely fashion[1] [ECF No. 26].

"An employee must meet the statutory prerequisites to be entitled to a service letter and to have a cause of action if the employer fails to issue one." *Bartareau v. Exec. Bus. Prods., Inc.*, 846 S.W.2d 248, 249 (Mo. Ct. App. 1993). Federal and state courts have concluded letters signed only by an employee's attorney and not by the employee do not constitute valid Service Letter requests under Missouri law. *See Zeman v. V.F. Factory Outlet, Inc.*, 911, F.2d 107, 109 (8th Cir. 1990) (affirming grant of summary judgment to employer where attorney signed letter but employee did not); *Cannon v. SSM Health Care*, No. 14-848, 2014 WL 3600405 at *5 (E.D. Mo. July 22, 2014) (granting employer's motion to dismiss claim, because request made and signed by employee's attorney did not meet statutory prerequisites and failed to trigger duty to provide a Service Letter); *Grasle v. Jenny Craig Weight Loss Ctrs., Inc.*, 167 F.R.D. 406, 412-

---

[1] Plaintiff also contends Casino One's response to his Service Letter request did not fully comply with the statute's requirements, because Plaintiff has proof the stated reason for discharge is not true. In light of the Court's finding regarding the sufficiency of Plaintiff's service letter requests, it need not address this contention.

413 (E.D. Mo. 1996) (acknowledging that an employer has no legal obligation to respond to Service Letter request sent by attorney, but noting the defendant was ignoring the fact it had a legal responsibility to respond to the plaintiff's earlier request, which was sent by plaintiff herself); *Bartareau*, 846 S.W.2d at 250 (recognizing statute was enacted to assure former employee receives written notice of true nature of employment and termination, and requiring employee's signature on Service Letter request).

The circumstances of the instant case, however, add a different dimension to the Court's compliance inquiry, because the September 6, 2013 Service Letter Request, although apparently sent by Plaintiff's attorney, was signed by both Plaintiff's attorney and Plaintiff himself. It is not disputed that Plaintiff's September 6, 2013 request otherwise meets the statutory prerequisites. The legal question becomes then, whether a letter, signed by an attorney and the employee, but sent by the attorney on an employee's behalf, materially complies with the purpose and spirit of Missouri's Service Letter Statute, and whether any technical deficiency causes hardship or prejudice to the employer. Defendant states the September 6, 2013 letter was mailed from the law office of Plaintiff's attorney, and argues "the statute requires the former employee to *personally* mail his or her service letter request to the former employer[,]" and contends that a request by counsel is ineffective [ECF Nos. 23 at 1; 28 at 4]. The Court finds the analysis and reasoning of the two following court decisions, one by a Missouri state appellate court, and one by a federal magistrate court in this district, most helpful in resolving its inquiry.

The *Bartareau* Court considered an employee's appeal from the entry of summary judgment in his action seeking damages for his employer's failure to provide him a Service Letter. *Bartareau*, 846 S.W.2d at 249. The trial court had granted the employer summary judgment on the basis that the employee's Service Letter request failed to comply with §

290.140, because the letter was not sent by certified mail and was not signed by the employee. *Id*. Upon review, the Missouri Court of Appeals held that a request for a service letter, sent by regular mail and made by an employee's attorney, failed comply with § 290.140, and did not trigger any duty by the employer to furnish a service letter. *Id*. The appellate court examined the wording of the statute to determine compliance, taking its words and phrases "in their plain or ordinary and usual sense." *Id.* In its legislative intent analysis, the court found the term "employee" to be plain and clear to individuals of ordinary intelligence, and, as used in the statute, did not include attorneys of employees. *Id*. Stating it would "look beyond the plain and ordinary meaning of the statute only if the meaning would otherwise lead to an illogical result which would defeat the purpose of the legislation[,]"the court concluded strict adherence to its plain language would not defeat the statute's purpose. *Id*. at 250. The court noted § 290.140 was enacted to ensure former employees received written notice of the true nature, character, and duration of their employment, and the true reasons they were terminated. *Id*. The court then determined, in accordance with this identified purpose, that "[b]y requiring an employee's signature on a request for service letter, both the employee and employer are assured that an employee's private employment information is not given to a third party without the employee's knowledge or permission." *Id.*

A federal court in this district also considered the intention of Missouri's Service Letter Statute to determine whether an employee's request was sufficient to give rise to a duty by his employer to furnish a service letter in *Davis v. Bemiston-Carondelet Corp*., No. 05-941, 2005 WL 2452540 (E.D. Mo. Oct. 4, 2005). The employer contended the employee's Service Letter Statute claim should be dismissed, because the employee did not specifically refer to the appropriate statutory authority and failed to address the letter to "the superintendent, manager or

registered agent" of the corporation. *Id*. at *10. The employee's request incorrectly cited the statutory section as "209.140," and was addressed to the corporation's "Human Resources." *Id*. at *13. In the court's analysis, it noted Missouri enacted the Service Letter Statute to protect certain economic and social interests, and to benefit corporate employees. *Id*. at *12. The court also recognized the statutory requirements were intended to put the employer on notice that the employee was making a request under § 290.140, and that failure to respond could subject the employer to liability. *Id*. at *13. The court found addressing the request to the human resources department was sufficient, as it directed the request to a department that "would likely have the requisite authority and control over personnel matters to be included under the intent of the statute." *Id*. at **13-14. The court further found the service letter request, while technically deficient due to the typographical error, materially complied with the spirit and purpose of § 290.140, and worked no hardship or prejudice to the defendant. *Id*. at *13.

Missouri's Service Letter Statute was enacted to protect the public, and for the benefit of corporate employees. *Cheek v. Prudential Ins. Co.*, 192 S.W. 387, 390-91 (Mo. 1916). Although not all requests from former employees are sufficient to trigger employer liability under § 290.140, substantial compliance with the statutory requirements can entitle an employee to a service letter, and to a cause of action should the corporation fail to respond in a timely fashion and in conformance with the statute. *See Davis*, 2005 WL 2452540 at *13.

The statute's requirements are meant to further its purpose; that is, to assure a former employee receives a written statement of the true nature, character, and duration of his employment, and the true reasons for his termination. *Id.* at ** 12-13. The signatory requirement assures the employee's private information is not shared with a third party without the employee's knowledge or permission; and the certified mail requirement provides the employee

with a record of the requests delivery and the employer with a fixed date from which it must proceed in a timely fashion. *See id.; Bartareau*, 846 S.W.2d at 249-50. Contrary to Casino One's contention, § 290.140 does not require a former employee to *personally* mail his or her service letter request to the former employer. The Court finds that Plaintiff's September 6, 2013 Service Letter Request substantially and materially complied with § 290.140's statutory requirements, and gave Casino One adequate notice that Plaintiff was requesting a Service Letter. Furthermore, Plaintiff's signature was affixed to the request, assuring both Plaintiff and Casino One that Plaintiff's private employment information would not be given to a third party without Plaintiff's knowledge or permission. Because Casino One did not timely furnish Plaintiff a Service Letter upon receipt of Plaintiff's September 6, 2013 request, the Court will deny Casino One's Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant's Motion for Summary Judgment" [ECF No. 22] is **DENIED**.

So Ordered this 14th day of August 2014.

                                                **E. RICHARD WEBBER**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**